# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CHARLES D. FRYE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CV413-217 |
| | ) |
| WARDEN STANLEY WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Charles D. Frye has filed a 28 U.S.C. § 2254 petition, but it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Pursuant to his August 28, 2009 guilty plea, Frye was convicted in state court of armed robbery and other charges. Doc 8-3 at 1.[1] He took no direct appeal but instead filed a state habeas petition on October 16, 2009. *Id.* at 2. The state habeas court denied relief on May 11, 2012. *Id.* at 6. Frye appealed to the Georgia Supreme Court on June 26, 2012, and on January 7, 2013, it denied relief on untimeliness grounds. Doc. 8-5. He executed his § 2254 petition here on August 20, 2013. Doc. 1 at 7. Upon

---

[1] The Court is citing only to its docketing software's pagination; it may not always line up with each paper document's printed pagination.

preliminary review, the Court directed the state to address the untimeliness question and supply documentation. Doc. 3. It has complied and moves to dismiss Frye's § 2254 petition as untimely. Doc. 7.

## I. GOVERNING STANDARDS

Under 28 U.S.C. § 2244(d)(1), Frye had one year from the date of his conviction to file his § 2254 petition, but that clock was stopped during the period that he timely and properly pursued state appellate or collateral relief. 28 U.S.C. § 2244(d)(2); *Rich v. Secretary for Dept. of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x at 983 (quotes and cite omitted); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012).

Hence, if Frye sat on any claim or created any time gaps in the review process, the one-year clock would continue to tick. *Kearse v.*

*Secretary, Fla. Dept. of Corrs.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. For that matter, "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013). And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nesbitt*, 2014 WL 61236 at *1.

## II. ANALYSIS

Frye stopped the federal clock 11 days into his conviction, when he filed his state habeas petition on October 16, 2009. But after that court denied relief on May 11, 2012, he missed his 30-day deadline for seeking appellate review under O.C.G.A. § 5-6-38 (which expired on June 12, 2012, for June 11 fell on a Sunday), as he did not file his appellate paperwork with the Georgia Supreme Court until June 26, 2012. That court

informed him of his default when it dismissed his appeal on untimeliness grounds on January 7, 2013. Doc. 8-5; *see also Lanier v. Caldswell*, 2014 WL 1334214 at * 2-3 (S.D. Ga. Apr. 2, 2014).

The federal clock, therefore, ticked for 434 days from June 12, 2012, until he filed his federal habeas petition in this Court on August 20, 2013. Doc. 1 at 7. Adding in the aforementioned 11 days that elapsed between his conviction and the filing of his state habeas petition brings the total to 445 days -- 80 beyond § 2244(d)(1)'s 365-day limit. Hence, his § 2254 petition is untimely and must be dismissed with prejudice. Furthermore, he has shown no good grounds for appointment of counsel, so the Court denies his motion for same. Doc. 12.

Finally, the Court denies as baseless his motion to "waive" the state's motion to dismiss. Doc. 11. In it he impliedly invokes equitable tolling by generically complaining about restricted access to his prison's law library and his lack of legal training. *Id.* at 1-3. But "restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling." *Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009).

Nor does one's lack of legal training or knowledge do the trick. *Johnson v. United States*, 544 U.S. 295, 311 (2005); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling. Furthermore, we have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion.") (cite omitted); *Felder v. Johnson*, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000) (ignorance of law and *pro se* status are insufficient to toll statute of limitations); *Garrett v. United States*, 2013 WL 652563 at * 3 n. 13 (S.D. Ga. Feb. 21, 2013) (collecting cases holding that a defendant's legal ignorance does not stop the limitations clock).

## III. CONCLUSION

The respondent's motion to dismiss (doc. 7) should be **GRANTED** and Frye's § 2254 petition should thus be **DISMISSED WITH PREJUDICE**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see*

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3). Finally, the Court **DENIES** Frye's "waive" and "counsel" motions. Docs. 10 & 11.

**SO REPORTED AND RECOMMENDED** this 25TH day of April, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA